**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES T. DAVIS,

              Plaintiff-Appellee,

    v.

JAMES A. YATES, Warden; MATTHEW CATE, Secretary,

              Defendants-Appellants.

No.    18-17050

D.C. No. 1:10-cv-01184-DAD-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

    Defendants James A. Yates and Matthew Cate appeal from the district

court's order denying them qualified immunity in plaintiff Charles T. Davis's 42

U.S.C. § 1983 action alleging deliberate indifference claims.  We have jurisdiction

over this interlocutory appeal under 28 U.S.C. § 1291.  *Mitchell v. Forsyth*, 472

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S. 511, 526-27 (1985). We review de novo the district court's ruling on qualified immunity. *George v. Edholm*, 752 F.3d 1206, 1214 (9th Cir. 2014). We vacate and remand.

The district court determined that Yates and Cate were not entitled to qualified immunity on Davis's deliberate indifference claims. However, after the district court's order was entered, this court in *Hines v. Youseff*, 914 F.3d 1218, 1229 (9th Cir. 2019), concluded that a prisoner's "right to be free from heightened exposure to Valley Fever spores" was not clearly established. Because the district court did not have the benefit of the decision in *Hines* when it entered its order, we vacate the denial of qualified immunity as to Davis's deliberate indifference claims against Yates and Cate, and remand with instructions to grant Yates and Cate's motion to dismiss.

We lack jurisdiction to consider Davis's contentions unrelated to the denial of qualified immunity for Yates and Cate because they are outside the scope of this appeal. *See Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (jurisdiction over interlocutory appeal from the denial of qualified immunity limited to "the purely legal issue whether the facts alleged . . . support a claim of clearly established law." (citation and internal quotation marks omitted)).

2

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**